IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00145-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

2.  ARMANDO ROGELIO DURETE,

    Defendant-Movant.

**ORDER**

    This matter comes before the Court on the Motion for Relief from Judgment [Docket No. 162] and Letter re: Appointment of Counsel [Docket No. 166] requesting counsel's assistance on the Motion for Relief from Judgment filed *pro se* by defendant Armando Durete.  The Court must construe the motion liberally because Mr. Durete is not represented by an attorney.  See *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall,* 935 F.2d at 1110.

    After reviewing the pertinent portions of the record in this case, the Court concludes that the motion should be dismissed for lack of jurisdiction.  See, e.g., *United States v. Edge,* 315 F. App'x 92, 95-96 (10th Cir. 2009) (unpublished); *United States v. Sanchez,* 568 F. App'x 557, 559 (10th Cir. 2014) (unpublished).

## I. PROCEDURAL HISTORY

Following a jury verdict, on August 28, 2019, Mr. Durete was convicted of one count of possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).  Docket No. 67.  He was sentenced to 120 months of imprisonment on February 28, 2020, [Docket No. 127] and the judgment was entered on March 4, 2020 [Docket No. 128].

Mr. Durete appealed his conviction, and the Tenth Circuit affirmed.  Docket No. 153.  On September 20, 2021, Mr. Durete filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(2) based on newly discovered evidence.  Docket No. 162 at 1.

## II. THE MOTION

Mr. Durete petitions the court to grant him relief from judgment in his criminal case pursuant to Fed. R. Civ. P. 60(b)(2).  However, Rule 60(b)(2) has no application in this criminal case, in which no prior application for postconviction relief has been made. *See Edge,* 315 F. App'x at 94-95.

Finally, to the extent Mr. Durete's motion seeks to collaterally attack his federal conviction and sentence, 28 U.S.C. § 2255 provides the exclusive avenue.  *See Baker v. Sheriff of Santa Fe County,* 477 F.2d 118, 119 (10th Cir. 1973); *see also Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999) ("[t]he exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").  When a motion contains arguments that could be construed as a § 2255 motion,

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States,* 155 F.3d 582, 584 (2d Cir. 1998), *cited with approval in United States v. Kelly,* 235 F.3d 1238, 1242 (10th Cir. 2000); *see also Castro v. United States,* 540 U.S. 375, 376 (2003) (holding that district court "cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion *unless* it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provides the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 2255 claims he believes he has.").

The Court will decline to recharacterize Mr. Durete's motion as a § 2255 motion to vacate.  Mr. Durete may file a motion that complies with the requirements of § 2255 within whatever remaining time he has to file such a motion.

Thus, considering Mr. Durete's motion under Rule 60(b)(2), the Court finds that Mr. Durete provides no jurisdictional basis for the Court to consider his motion.  The Court will therefore dismiss the motion for lack of jurisdiction.

Therefore, it is

**ORDERED** that the Motion for Relief from Judgment [Docket No. 162] is **DENIED** for lack of jurisdiction.  It is further

**ORDERED** that defendant's request for appointed counsel [Docket No. 166] is **DENIED** as moot.

DATED November 3, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge
