IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00145-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  ARMANDO ROGELIO DURETE,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant's Compassionate Release Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 168] filed by defendant Armando Durete on March 2, 2022. The government filed a response opposing the motion. Docket No. 174. Mr. Durete filed a reply. Docket No. 176.

**I. BACKGROUND**

On August 28, 2019, Mr. Durete was convicted after a jury trial of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docket No. 68. On February 28, 2020, the Court sentenced Mr. Durete to 120 months imprisonment followed by three years of supervised release. Docket No. 127 at 2. Mr. Durete is currently incarcerated at USP Florence, a high-security U.S. penitentiary in Colorado. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/. Mr. Durete's projected release date is March 31, 2027. *Id*.

In his motion for compassionate release, Mr. Durete argues that he should be released pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the risks he faces from COVID-19 due to his asthma, weight, and race.  Docket No. 168 at 1.

## II.  LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, a district court may grant a motion by the defendant or the director of the Bureau of Prisons ("BOP") for a reduction of sentence if three requirements are met.  *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).  The requirements are that "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable."  *Id.*  A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release.  *Id.* at 1043.

Additionally, a district court may grant a sentence reduction upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  As the government recognizes in its response, Mr. Durete has exhausted his administrative rights, and the Court has jurisdiction to consider the merits of his motion.  *See* Docket No. 174 at 3, ¶ 3 ("Here, the defendant has exhausted his administrative remedies.  As a result, the Court has jurisdiction to consider the defendant's request on the merits.").

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not applicable under the First Step Act when a motion is brought by a defendant. *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)). However, a court may conclude that the application notes to U.S.S.G. § 1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

## III.  ANALYSIS

Mr. Durete argues that the risks he faces from COVID-19 present extraordinary and compelling reasons warranting his compassionate release. Docket No. 168 at 1. He maintains that he has three health factors that, individually and collectively, put him at a higher risk from COVID-19. *Id.* at 6–13. Specifically, Mr. Durete argues that his weight places him at an elevated risk of severe illness from COVID-19 because he is overweight, and CDC guidance suggests that people with elevated body mass indexes face increased risks from COVID-19. *Id.* at 6. He also claims that his asthma puts him at higher risk as a co-morbid condition. *Id.* at 7–8. Finally, he asserts researchers at Johns Hopkins have found that African Americans are disproportionately impacted by the disease and that, as a Black man, he faces these same elevated risks. *Id.* at 8–9. Moreover, Mr. Durete states that he has already contracted COVID-19 and is suffering

3

from long COVID symptoms, which further elevate the risks posed by future infection. *Id.* at 11–12.

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release"). "[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

It is uncontested that Mr. Durete has refused to be vaccinated. Docket No. 174 at 2, 7, ¶ 12; Docket No. 176 at 5. Mr. Durete explains that he refused the COVID-19 vaccine over concerns he had about the unknown long-term effects of the vaccine. Docket No. 176 at 5. However, Mr. Durete presents no reason why the availability of an effective vaccine, which he could be inoculated with, as millions of persons have, does not reduce the risk of harm from a COVID-19 exposure to the point that such risk is no longer an extraordinary reason for immediate release. *Broadfield*, 5 F.4th at 803. Accordingly, the Court finds that Mr. Durete has not demonstrated extraordinary and compelling reasons for a sentence reduction. *See United States v. Carter*, 2021 WL

4

1310784, at *3 (E.D. Mich. Apr. 8, 2021) (finding no extraordinary and compelling reasons when a defendant declines the vaccine); *United States v. Bautista*, 2021 WL 1264596, at *6 (E.D. Pa. Apr. 6, 2021) (finding that the refusal to receive the vaccine "undercuts the premise of [the] motion"); *United States v. Gonzalez Zambrano*, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them.").

Moreover, even if the Court were to find that extraordinary and compelling reasons exist in this case, the Court finds that the 3553(a) factors weigh against Mr. Durete's release.  Sections 3553(a)(2)(A) and (B) require the Court to consider "the need for the sentence imposed. . . to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct."  Mr. Durete has a number of serious felony convictions, including multiple convictions for robbery as a juvenile and adult, and repeated convictions for being a felon in possession of a firearm.  *See* Docket No. 117 at 8–17.  His offense level was 29 with a criminal history category of VI, *id.* at 27, and his guideline range was 151 months to 188 months.  *See id.*  As noted by the Court at sentencing, Mr. Durete has a fixation with firearms and his previous lengthy sentences had no deterrent effect on his behavior.  *See* Docket No. 149 at 33.  There is no indication that Mr. Durete would not recidivate if his sentence was reduced by two and a half years.  The Court finds that, given the nature of Mr. Durete's offense, his criminal history, and the lack of deterrence from his prior sentences, releasing him would not

5

reflect the seriousness of his crimes, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. For this additional reason, the Court finds that Mr. Durete's motion should be denied. Accordingly, the Court will deny the motion.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Compassionate Release Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 168] is **DENIED**.  It is further

**ORDERED** that the Motion to Restrict Access [Docket No. 170] is **GRANTED**.[1]  It is further

**ORDERED** that the Motion for Leave to Exceed Page Limitation [Docket No. 172] is **GRANTED**.  It is further

**ORDERED** that the Government's Motion to Restrict Document No. 174 [Docket No. 173] is **GRANTED**.[2]  It is further

**ORDERED** that the Motion for Leave to Exceed Page Limitation as to ECF 168 [Docket No. 175] is **GRANTED**.  It is further

**ORDERED** that the Motion to Restrict Access [Docket No. 178] is **GRANTED**.[3]  It is further

---

[1] Mr. Durete seeks leave to file his motion under a Level 2 restriction.  Docket No. 169 at 2.  Mr. Durete believes that such a restriction is appropriate because his motion discusses the details of his personal healthcare information, he includes medical records as an exhibit to this motion, and the motion contains his mother's current address.  *Id.* at 1–2, ¶ 3.  The Court finds that a restriction is appropriate and will grant the motion.

[2] For the reasons previously discussed, the Court will grant the motion.

[3] For the reasons previously discussed, the Court will grant the motion.

**ORDERED** that the Request for Ruling on Defendant's Motion for Compassionate Release Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF Number 168 [Docket No. 181] is **DENIED as moot**.

DATED August 14, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge