IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00145-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  ARMANDO ROGELIO DURETE,

    Defendant.

_____

## ORDER
_____

This matter is before the Court on the Motion for Reduction of Sentence Pursuant to 3582(c)(2) [Docket No. 179] filed by defendant Armando Durete.[1] On August 28, 2019, Mr. Durete was convicted after a jury trial of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docket No. 68. On February 28, 2020, the Court sentenced Mr. Durete to 120 months imprisonment followed by three years of supervised release. Docket No. 127 at 2. At sentencing, the Court found the total offense level to be 29 and determined Mr. Durete's Criminal History Category to be VI, which resulted in an imprisonment range of the statutory maximum, namely, 120 months. Docket No. 149 at 31:11–16. Mr. Durete is currently incarcerated at USP Florence, a high-security U.S. Penitentiary in Colorado. *See* Federal Bureau of Prisons,

---

[1] Because Mr. Durete is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Inmate Locator*, https://www.bop.gov/inmateloc/. Mr. Durete's projected release date is March 31, 2027. *Id*.

On December 11, 2023, Mr. Durete filed a pro se motion for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines. Docket No. 179. On December 14, 2023, the Office of the Federal Public Defender filed a notice of appearance on Mr. Durete's behalf. Docket No. 180. On May 22, 2024, counsel for Mr. Durete filed a notice that the Office of the Federal Public Defender would not be filing a supplement to Mr. Durete's motion because the office had determined that Mr. Durete's sentence is unaffected by Amendment 821. Docket No. 182 at 1–2. The government responded to Mr. Durete's motion on August 17, 2024. Docket No. 187. The government agrees that Mr. Durete's sentencing guideline range is unaffected by Amendment 821 and opposes the motion. *Id.* at 1.

Generally, a federal court may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2). A court may reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and

2

determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses." *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023). Before November 2023, the Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *United States v. Espinoza-Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)). In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *Id.* In addition, a person with six or fewer criminal history points now receives no status points. *Id.* Amendment 821 applies retroactively. *Id.*; *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Mr. Durete argues that Part A of Amendment 821 altered his sentencing guideline range by reducing his status points. Docket No. 179 at 1–3. The Court

agrees that Mr. Durete's total criminal history points have changed from 15 to 14 through the retroactive application of Amendment 821. Mr. Durete received 13 criminal history points for offenses committed between 2005 and 2013. *See* Docket No. 117 at 10–17. He further received a two-level enhancement for committing the offense in this case while under a criminal justice sentence. *Id.* at 17. Amendment 821 modifies this two-level enhancement to a one-level enhancement, resulting in 14 total criminal history points. Criminal History Category VI includes a total number of criminal history points of 13 or more. *See* Sentencing Table, U.S.S.G. ch. 5, pt. A (2024). As such, Mr. Durete remains in Criminal History Category VI, and, with offense level 29, his guideline range is 151–188 months imprisonment. *Id.* However, Mr. Durete was sentenced to the statutory maximum under 18 U.S.C. § 922(g)(1), namely, 120 months. Docket No. 149 at 31:11–16. Accordingly, the Court finds that Amendment 821 does not affect Mr. Durete's sentence and Mr. Durete is not eligible for a reduction in his sentence.

For the foregoing reasons, it is

**ORDERED** that the Motion for Reduction of Sentence Pursuant to 3582(c)(2) [Docket No. 179] is **DENIED**.

DATED March 17, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge